Argued July 9, affirmed September 8, 1965

## GEORGIA-PACIFIC CORPORATION *v.* STATE TAX COMMISSION

405 P. 2d 631

*A. W. Pedersen,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

*John B. Crowell,* Portland, argued the cause and filed the brief for respondent.

Before McAllister, Chief Justice, and Goodwin, Denecke, Holman and Lusk, Justices.

HOLMAN, J.

This is an appeal by the defendant Tax Commission and a cross appeal by the plaintiff Georgia-Pacific Corporation from a determination by the Circuit Court for Lincoln County that the assessed value of plaintiff's saw mill at Toledo was the sum of $2,900,000 for the tax year 1957-58 and $2,800,000 for the tax year 1958-59. These matters were the subject of a prior appeal to this court, 237 Or 143, 390 P2d 337. The prior decision of the trial court was reversed with instructions to enter a final decree on the evidence then before it and such further record as it cared to make. The decree so entered, after the taking of additional testimony, is the one here in question. This court, in its opinion on the prior appeal, said:

"* * * The work still before the trial court is essentially that which would be presented to a jury in a condemnation case. The evidence of the experts is in the record. * * * Ultimately, the court must decide where, between the taxpayer's proposed value and the value given the property by the assessor, the fair market value thereof lies."

The thrust of commission's appeal in the present case is that the judge of the trial court said he " * * * considered all of the approaches which has [sic] been offered, relying primarily on the income and cost approaches * * *" and that he "has considered both the income and the cost approach and has relied rather heavily upon the income approach; * * *" and that the income approach to the evaluation of the saw mill is inappropriate because the taxpayer's saw mill is part of a vast nation-wide complex and its income, if existing, cannot be segregated.

The taxpayer, on his cross appeal, contends that in light of all the evidence the determination of the value by the trial court was excessive.

██ The weight to be given an appraisal via the income approach must necessarily vary with the accuracy with which income has been identified. Presuming —without deciding—that the income approach was entitled to little weight because of lack of evidence of income attributable to the saw mill, it appears from the record that there was sufficient other evidence considered by the trial court which would justify its decision. The court has examined the record and it agrees with the value set by the trial court.

The decree of the trial court is affirmed.